UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEENAN BAILEY WILHITE,

        Plaintiff,

v.

ERIN PARR-MIRZA,
JULIANA MARTINO,
ANGELA JOSEPH,
WELLPATH SERVICES, and
KIM FARRIS,

        Defendants.
_____/

Case No. 2:24-cv-11815

District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

**ORDER (1) ISSUING STAY AS TO DEFENDANT WELLPATH, (2) GRANTING INDIVIDUAL WELLPATH DEFENDANTS MARTINO, JOSEPH, AND FARRIS'S EMERGENCY MOTION TO EXTEND BANKRUPTCY STAY TO THE NON-DEBTOR INDIVIDUALS (ECF No. 25), and (3) TEMPORARILY EXTENDING BANKRUPTCY STAY AS TO THE INDIVIDUAL WELLPATH DEFENDANTS**

Keenan Bailey Wilhite (#779594) is currently incarcerated in the Michigan Department of Corrections (MDOC) Ionia Correctional Facility (ICF). (ECF No. 30, PageID.181.) In July 2024, while located at ICF, Wilhite filed this prisoner civil rights lawsuit in the Western District of Michigan *in pro per* against five Defendants, each associated with the MDOC's Macomb Correctional Facility (MRF). (ECF No. 1; *see also* ECF No. 11.) *See* Case No. 1:24-cv-00680 (W.D.

Mich.)  Plaintiff's case was transferred to this Court on July 15, 2024.  (ECF Nos. 3, 4.)

Plaintiff is proceeding *in forma pauperis*, and the Court and the U.S. Marshals Service (USMS) have facilitated service of process.  (ECF Nos. 2, 6-10, 12, 20-22.)  The appearances of counsel signal that Defendant Parr-Mirza is an MDOC employee, and Defendant Wellpath employs Defendants Martino, Joseph, and Farris.  (ECF Nos. 13, 23.)

### A.     Pending Matters

This case has been referred to me for pretrial matters.  (ECF No. 16.)  Currently before the Court are several motions:  (1) MDOC Defendant Parr-Mirza's exhaustion-based motion for summary judgment (ECF No. 15), as to which briefing has concluded (ECF Nos. 17, 18, 19); (2) the individual Wellpath Defendants Martino, Joseph, and Farris's January 30, 2025 emergency motion to extend bankruptcy stay to the non-debtor individuals (ECF No. 25); and, (3) Plaintiff's March 2025 and April 2025 motions to appoint counsel (ECF Nos. 26, 30).

This order concerns only the individual Wellpath Defendants' January 30, 2025 emergency motion to extend bankruptcy stay to the non-debtor individuals. (ECF No. 25.)  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).

Plaintiff's response was due on April 18, 2025. (ECF No. 29.) To date, Plaintiff has not filed a response, nor, for that matter, has MDOC Defendant Parr-Mirza. Thus, the motion is unopposed.

    **B.**    ***In re Wellpath Holdings, Inc., et al.*, Case No. 4:24-bk-90533 (ARP) (S.D. Texas)**

On November 11, 2024, Wellpath Holdings, Inc. filed a Chapter 11 voluntary petition for bankruptcy, and an amended interim order enforcing the automatic stay was entered on November 12, 2024. (*See In re Wellpath Holdings, Inc., et al.*, Case No. 4:24-bk-90533-ARP (Bankr. S.D. Texas) (ECF Nos. 1, 69, therein).) The bankruptcy court's order provides that lawsuits "in which a Debtor is named as one of the defendants . . . [,]" are "stayed in their entirety, including the plaintiffs' claims against the Non-Debtor Defendants, on an interim basis pursuant to section 362 of the Bankruptcy Code." (ECF No. 69, therein.) (*See also* ECF No. 91, therein [amended order authorizing the debtors to take certain actions, extending statutory protections to professional corporations, and granting related relief] (Nov. 14, 2024).)

Based on these proceedings, Wellpath, L.L.C. filed a suggestion of bankruptcy in the instant matter. (ECF No. 24.)

    **a.**    **January 2025 hearing and order**

On January 14, 2025, the bankruptcy court conducted a hearing and entered a stipulated and agreed amended order, which, in part, extended the automatic stay

on an interim basis to certain actions against non-debtors. (ECF Nos. 962, 965, therein.) *Inter alia*, the order states:

> Any claims or causes of action that have been or may be asserted against any of the Professional Corporations or their current or former employees, or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025, to provide the Debtors the opportunity, as requested by the Statutory Unsecured Claimholders' Committee (the "Committee"), to confirm and substantiate the scope and extent of Debtors' indemnification obligations owed to these parties as well as any relevant insurance considerations.

(ECF No. 962, therein, ¶ 2 (internal footnote omitted).)

Based on this order, and temporary orders of stay entered in other matters in January 2025 by U.S. Magistrate Judges Sally J. Berens and Maarten Vermaat (*see* ECF No. 25-2), the individual Wellpath Defendants Martino, Joseph, and Farris filed their January 30, 2025 motion, seeking to "[e]xtend the Wellpath Bankruptcy Stay staying the case pending resolution of the Wellpath Bankruptcy[,]" or, alternatively, to "[s]tay this matter in line with the January 14, 2025 order from the Bankruptcy Court through the February 18, 2025 bankruptcy hearing addressing the issue of defense, indemnity, and insurance . . . ." (ECF No. 25, PageID.152.)

### b.    February 2025 hearing and order

The bankruptcy court conducted another hearing on February 18, 2025, and, on February 20, 2025, entered an amended final order enforcing the automatic stay

to non-debtor defendants on a final basis and granting related relief.  (ECF Nos. 1451, 1480, therein.)  In pertinent part, the order states:

> Any claims or causes of action that have been or may be asserted against any of the Professional Corporations or their current or former employees, or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an final basis until the earlier of (a) the effective date of a confirmed chapter 11 plan; (b) dismissal of the chapter 11 cases of the Debtors; or (c) April 30, 2025.

(ECF No. 1480, therein, ¶ 2 (internal footnote omitted).)

### C. Discussion

Upon consideration of the aforementioned discussion of Case No. 4:24-bk-90533 (ARP) (S.D. Texas), Wellpath's January 30, 2025 suggestion of bankruptcy (ECF No. 24), and the individual Wellpath Defendants Martino, Joseph, and Farris's January 30, 2025 motion (ECF No. 25), the Court finds that the bankruptcy court's interim orders have prohibited further progression of the instant case as to the four Wellpath Defendants, although not as to the MDOC Defendant in this case (*i.e.*, Parr-Mirza).  Further, the Court notes that there are potential settlements being considered in the bankruptcy court, one of which will be heard on April 30, 2025 (*see,* ECF No. 2157 [Wellpath's April 9, 2025 motion to approve compromise with H.I.G. Capital, L.L.C.]; *see also* ECF No. 2229 [Wellpath's April 14, 2025 motion to approve compromise with Laboratory Corporation of America Holdings], therein).  If approved, there will be a time

5

period for parties to opt-in or opt-out of the settlement, which could significantly narrow the scope of this litigation. For these reasons, the Court will issue a stay as to Defendant Wellpath and a temporary stay as to the three individual Wellpath Defendants, which the Court expects to last no more than a few months, to allow the Wellpath bankruptcy court matter time to conclude.

### D. Conclusion

Consistent with the foregoing discussion, the Court: **(1) STAYS** this case as to Defendant Wellpath (*see* ECF No. 24); **(2) GRANTS** the individual Wellpath Defendants Martino, Joseph, and Farris's emergency motion to extend bankruptcy stay to the non-debtor individuals (ECF No. 25); and, **(3) TEMPORARILY STAYS** this case as to the individual Wellpath Defendants pending further order of the Court. Counsel for the Wellpath Defendants is **DIRECTED** to file a memorandum by **June 15, 2025** updating the Court as to the status of the bankruptcy proceedings and whether any part of the current case has been resolved by settlement. Depending on the contents of the memorandum the Court will either: (1) extend the stay; (2) set a status conference; or, (3) issue a scheduling order.

Notwithstanding these rulings, the case will proceed as to MDOC Defendant Parr-Mirza, and her exhaustion-based motion for summary judgment (ECF No.

15),[1] as well as Plaintiff's motions to appoint counsel (ECF Nos. 26, 30), will be addressed under separate cover.

      **IT IS SO ORDERED.**[2]

Dated: April 24, 2025

                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff's case against MDOC Defendant Parr-Mirza survives the exhaustion-based motion for summary judgment (ECF No. 15), then the Court will issue an appropriate scheduling order.

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).