UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEENAN BAILEY WILHITE,
(#779594),

        Plaintiff,

v.

ERIN PARR-MIRZA, et al.,

        Defendants.
_____/

Case No. 2:24-cv-11815
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

# ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL (ECF Nos. 26 & 30)

**A.    Instant Motion**

Currently, before the Court is Plaintiff's motions for appointment of counsel (ECF Nos. 26 & 30.) Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings. Both of Plaintiff's motions simply assert that he is unable to afford counsel due to indigency, and, therefore, should have counsel appointed.

**B.    Recruitment of Counsel**

Plaintiff seems to be confused as to the difference between criminal and civil cases. He may be more familiar with the Sixth Amendment right to appointment of counsel for indigent defendants in criminal matters. See *Gideon v. Wainwright*,

372 U.S. 335 (1963). As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphases added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional

circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion, although none of the factors have been addressed by Plaintiff.

## C. Analysis

### 1. **Probable merit of Plaintiff's claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims. Due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

until the case survives all dispositive motion practice. While the court has denied one Defendant's (Parr-Mirza) exhaustion-based motion for summary judgment (EFC No. 33), there is a motion for summary judgment based on failure to exhaust administrative remedies pending (ECF No. 15), which, if denied, will likely be followed by a summary judgment motion on the merits after discovery begins and is concluded (neither of which has occurred); therefore, it is too early to know if this case is going to trial on the merits. If this case should proceed to trial, the Court can revisit whether to recruit counsel, and it generally does so at that juncture.

   2.   **Nature of the case and complexity of the issue**

Plaintiff's legal claims are based on violations of his civil rights stemming from an incident in July 2024, in which he alleges he was denied follow-up medical care for his hand, while located at Ionia Correctional Facility. (ECF No. 1, PageID.3.)

It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants. The issues presented in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 are common in prisoner or arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment

excessive force claims, Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex).

3. **Indigency and ability of Plaintiff to represent himself**

Plaintiff's sole contention in his motion to appoint counsel is that he is unable to afford counsel. While the Court recognizes the difficulty of pursuing litigation while indigent and incarcerated, it is not enough to justify the appointment of counsel here. As for Plaintiff's ability to represent himself, he has thus far escaped an exhaustion-based dispositive motion, pending review of Defendant's objections by Judge Parker, and his complaint is clear.

As noted above, there is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded. In any case, and unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance." The Court sincerely wishes that it were possible to simply appoint counsel to *pro se* cases, as the presence of counsel very often renders litigation more efficient and undoubtedly renders aid to litigants who lack legal training; however, given the limited number

of attorneys who are willing to take on these assignments when the case is already in trial mode, the Court knows from experience that obtaining qualified counsel for prisoner litigants is even more unlikely during pretrial proceedings, when costs and the expenditure of time without remuneration can become onerous to licensed attorneys. Here, Plaintiff has not convinced the Court that there are any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial in this case. Thus, absent exceptional circumstances, seeking *pro bono* counsel at this stage of litigation would be premature.

**D. Order**

Accordingly, Plaintiff's motion for appointment of counsel (ECF No. 30) is **DENIED**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[2]

Dated: June 23, 2025

Anthony P. Patti
United States Magistrate Judge

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).