UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNAN BAILEY WILHITE,

    Plaintiff,

v.

                              Case No. 24-cv-11815
                              Honorable Linda V. Parker

ERIN PARR-MIRZA, et al.,

    Defendants.
_____/

**OPINION AND ORDER REJECTING DEFENDANT PARR-MIRZA'S OBJECTIONS TO THE MAGISTRATE JUDGE'S JUNE 5, 2025 REPORT AND RECOMMENDATION, ADOPTING THE REPORT AND RECOMMENDATION, AND DENYING DEFENDANT PARR-MIRZA'S MOTION FOR SUMMARY JUDGMENT**

On July 1, 2024, Plaintiff, a Michigan Department of Corrections ("MDOC") prisoner, initiated this pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to his medical needs in violation of the Eighth Amendment by Defendants, who are individuals employed in the health care unit at the Macomb Correctional Facility where Plaintiff was housed during the relevant period. Defendants are Health Unit Manager ("HUM") Erin Parr-Mirza, Nurse Practitioner ("NP") Juliana Martino, Angela Joseph, M.D., Wellpath LLC, and Physician Assistant ("PA") Kim Farris.

On October 18, 2024, Parr-Mirza filed a motion for summary judgment on exhaustion grounds pursuant to Federal Rule of Civil Procedure 56. (ECF No. 15.)

The lawsuit has been referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 16.)  After full briefing on Parr-Mirza's motion (ECF Nos. 18, 19), Magistrate Judge Patti issued a Report and Recommendation ("R&R") on June 5, 2025, recommending that it be denied (ECF No. 33).  The matter is currently before the Court on Parr-Mirza's objections to the R&R.  (ECF No. 34.)

### Factual and Procedural Background

On April 17, 2023, Plaintiff broke his hand while he was incarcerated at the Macomb Correctional Facility ("MRF").  (ECF No. 1 at PageID.3.)  He was taken to MRF Health Care, which sent him to Henry Ford Macomb Hospital ("hospital"), where "they tried to pop it back in place" but "failed[.]"  (*Id.*)  A week later, Plaintiff was sent back to the hospital for "close hand surgery to pop it back in place[,]" but "they failed again[.]"  (*Id.*)

According to Plaintiff, the hospital sent him back to MRF with paperwork for MRF Health Care stating he needed a follow up with a hand surgeon to have open hand surgery.  (*Id.*)  However, MRF Health Care failed to set him up for surgery, despite multiple kites from Plaintiff.  (*Id.*)  Plaintiff spoke with NP Martino and Dr. Joseph repeatedly and was told his injuries were not that serious,

2

but even if they wanted to do something, HUM Parr-Mirza had made a decision that his health care had been handled. (*Id*.) PA Farris told Plaintiff that it did not look bad, and Plaintiff should "man up . . .." (*Id*.)

Plaintiff eventually received a surgical consultation on June 7, 2023. (ECF No. 15-3 at PageID.83.) In August 2023, he had a pin removed, an orthopedic post-operative appointment, an evaluation of his electronic medical records, and a medical provider evaluation. (*Id.*) Nevertheless, Plaintiff alleges the delay in treatment was "enough time for a broken bone to heal i[m]properly." (ECF No. 1 at PageID.3.)

In October 2023, Plaintiff filed a grievance concerning his medical treatment, MRF-23-10-2071-12z1 ("MRF-2071"). (ECF No. 15-3 at PageID.82.) At Step I, he began the description of the problem being grieved as follows:

> This grievance is written against MDOC's Health Care Providers Wellpath Health (John Does #1-5) [and] MRF Health Care Personnel providers (John Does #6-10), the issue (main) is deliberate indifference to my serious medical needs.

(*Id*.) Plaintiff sought "[a] thorough investigation [and] names of persons involved[.]" (*Id*.)

MRF-2071 was denied on the merits at Step I based on the conclusion that Plaintiff "ha[d] been seen by healthcare several times for the issues with his right hand. Per orthopedic post-op appointment no further interventions were ordered."

3

(*Id*. at PageID.83.)  Plaintiff appealed this decision, identifying January 12, 2024 as the date the Step II form was completed.  (*Id*. at PageID.81.)  This was the date it was due.  (*Id*.)  However, the form apparently was received by the Grievance Coordinator only on January 29, 2024.  (*Id*.)  It was denied as untimely.  (*Id*.)

Plaintiff appealed the Step II decision, arguing that his Step II appeal should not have been deemed untimely "because I've been filing this appeal/org. grievance over a 2 prison span.  I was rode out, and back in, and grievance had to follow (catch up)."  (ECF No. 15-3 at PageID.81.)  The Step II decision was upheld at Step III.  (*Id*. at PageID.80.)

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in

the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Applicable Law & Analysis

### Objection 1

Parr-Mirza first objects to Magistrate Judge Patti's finding of a genuine issue of material fact as to whether Plaintiff exhausted his claims against her when he failed to specifically name her in MRF-2017. Parr-Mirza raises three arguments as to why this conclusion was in error.

Relying on the definition of "medical providers" and the role of a HUM as set forth in MDOC's policy directives, Parr-Mirza contends that the identification of healthcare "providers" as the subjects of the grievance could not have placed her on notice that she was being grieved.[1] (ECF No. 34 at PageID.212-13.) However, Plaintiff did not use the term "medical providers" in MRF-2017. Instead he identified the first five John Does as "health care providers"—a term which is not defined in MDOC's policy directives. (*See* ECF No. 15-3 at PageID.82.) Moreover, he identified the remaining five John Does as "health care personnel

---

[1] MDOC Policy Directive ("PD") 03.04.100 defines a "medical provider" as "[a] qualified health professional who is a Physician, Physician Assistant, or Nurse Practitioner licensed to practice in the State of Michigan." (ECF No. 34-1 at PageID.228.) PD .03.04.100 also explains that a HUM is "responsible for the operation of the Health Care clinic, except for issues that require medical judgment. (*Id*. at PageID.229.)

providers." Again, an undefined term. The Court finds a genuine issue of material fact as to whether either term could be found to include the person responsible for the Health Care clinic's operations.

Parr-Mirza next argues that "the Sixth Circuit has rejected the notion that a grievance against unnamed 'medical providers' could exhaust claims against specific healthcare individuals even if the grievance was addressed on the merits." (*Id.* at PageID.213 (citing *Bonga v. Abdellatif*, No. 18-2074, 2019 WL 4580389, at *3 (6th Cir. Apr. 26, 2019).) However, *Bonga*, like *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159 (6th Cir. Apr. 23, 2019)—which Parr-Mirza later cites and which she cited in support of her summary judgment motion—involved grievances where some individuals were specifically named and an unnamed individual claimed a lack of exhaustion.[2] *See Bonga*, 2019 WL 4580389, at *1; *Brown*, 2019 WL 5436159, at *3. It was for this reason that the Sixth Circuit in *Brown* distinguished the case before it from *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). *See Brown*, 2019 WL 5436159, at *3. As the *Brown* court explained:

> In *Reed-Bey*, the inmate failed to name a single individual in his grievance, and it would have thus been clear to prison officials when they addressed the merits of the grievance that they were waiving their own

---

[2] The same is true of the other cases Parr-Mirza cites in her objections, where the Sixth Circuit did not follow *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). (*See* ECF No. 34 at PageID.215-16.)

> procedural requirement to include the names of those involved in the grievance. [603 F.3d] at 324. But here, Brown listed two people at step I of the grievance, Bierstetel and Havelka. Accordingly, prison officials would naturally assume that Brown complied with the requirement to name those involved, and defendants cannot be said to have waived the exhaustion defense when they had no way of knowing that they would be the subject of a later lawsuit.

*Id.* (citing *Luther v. White*, No. 5:17-cv-138, 2019 WL 511795, at *8 (W.D. Ky. Feb. 8, 2019)); *see also Luther*, 2019 WL 511795, at *8 ("Simply put, because Luther named a specific individual, *Reed-Bey* is not applicable here."). Because Plaintiff failed to specifically identify *anyone* in his grievance at any step, *Bonga* and *Brown* are not applicable here, but *Reed-Bey* is.[3]

Parr-Mirza nevertheless argues that *Reed-Bey* is inapplicable because, for its holding to apply, the prisoner had to receive a merits-based response at each step of the grievance process. (ECF No. 34 at PageID.217 (citing *Cook v. Caruso*, 531 F. App'x 554, 562-63 (6th Cir. 2013).) In *Cook*, the Sixth Circuit did conclude its discussion by stating that "[f]or *Reed-Bey*'s holding to apply, Cook would have had to receive 'merits-based responses *at each step.*'" 531 F. App'x at 563

---

[3] Oddly, Parr-Mirza states in her objections that "[f]or a failure-to-name procedural bar to have been available, a prisoner must have failed to name or identify *any* individual in the grievance." (ECF No. 34 at PageID.216.) But that is precisely the situation presented here.

7

(quoting *Reed-Bey*, 603 F.3d at 325). *Cook* is an unpublished decision, however. And this Court believes it takes the holding in *Reed-Bey* too far.

The *Reed-Bey* court did not clearly state that a merits-based decision at each step is required for its holding to apply, although that was the case with respect to the grievance before it. The key to the Sixth Circuit's holding was that MDOC did not enforce the procedural bar the defendants subsequently sought to enforce in litigation to bar the claims against them. As the court reasoned:

> Officials at the Department of Corrections, for reasons of their own, overlooked (or perhaps forgave) this procedural failing and chose to address Reed–Bey's grievance on the merits. That makes a difference. The point of the PLRA exhaustion requirement is to allow prison officials "a fair opportunity" to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court. [*Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006); *see Porter v. Nussle*, 534 U.S. 516, 525 . . . (2002). Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying all relevant defendants—not only furthers these objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation in the process. *See Woodford*, 548 U.S. at 94-96 . . . ...
>
> Yet the equation changes when the State does not enforce its own rules. When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we. *See Vandiver v. Correctional Med. Servs., Inc.*, 326 Fed. Appx. 885, 891 (6th Cir.2009). In

>that setting, the State, as the promulgator of the rules, has had a chance to provide a remedy for the inmate and to decide whether the objectives of the review process have been served. When the State nonetheless decides to reject the claim on the merits, who are we to second guess its decision to overlook or forgive its own procedural bar?

603 F.3d at 324-25. In *Cook*, when denying the prisoner's grievance, prison officials invoked the same procedural bar (i.e., timeliness) on which the defendants relied to claim a failure to exhaust administrative remedies. *See* 531 F. App'x at 563.

MRF-2071 was not rejected at any step due to Plaintiff's failure to specifically name the individuals involved in the issue being grieved, as required in MDOC PD 03.02.130 ¶ Y.[4] Like *Reed-Bey*, the State chose not to enforce this rule. This Court will not "second guess its decision to overlook or forgive its own procedural bar[.]" *Reed-Bey*, 603 F.3d at 325.

For these reasons, on de novo review, the Court agrees with Magistrate Judge Patti's conclusion that "there is a genuine dispute as to a material fact, namely whether [Parr-Mirza] was fairly the subject of [MRF-2701] . . .." (ECF No. 33 at PageID.206 (cleaned up).) Thus, Parr-Mirza is not entitled to summary

---

[4] Significantly, while MDOC did enforce another procedural bar (i.e., timeliness) when rejecting Plaintiff's grievance at Step II, Magistrate Judge Patti found a genuine issue of material fact as to whether that procedural bar was correctly invoked. The correctness of that finding is discussed *infra*. If the appeal was in fact timely, prison officials *should have* considered it on the merits "at each step."

9

judgment for failure to exhaust available administrative remedies due to Plaintiff's failure to specifically name her in the grievance.

Objection 2

Parr-Mirza next contends that "[t]he R&R erred in concluding that MRF-2071 was improperly rejected at Step II as untimely." (ECF No. 34 at PageID.218.) To be clear, Magistrate Judge Patti did not find that the grievance *was* timely. Instead, he found a genuine issue of material fact which "calls into question the propriety of the rejection." (*See* ECF No. 33 at PageID.205; *see also id*. at PageID.206-07.)

Parr-Mirza argues that Plaintiff waived any argument that the Step II grievance was in fact timely due to his failure to respond to the argument in her summary judgment motion that it was filed late. (ECF No. 34 at PageID.218 (citing *Ritchie v. Coldwater Comm. Sch.*, 947 F. Supp. 2d 791, 825 (W.D. Mich. 2013).) However, caselaw does not require a district court to apply this waiver rule. "It is within the discretion of the district court to determine whether a party has forfeited an argument by failing to raise it." *Ky. Mist Moonshine, Inc. v. Univ. of Ky.*, 192 F. Supp. 3d 772, 784 n.5 (E.D. Ky. 2016) (citing *Horn v. City of Mackinac Island*, 938 F. Supp. 3d 712, 723 n.8 (W.D. Mich. 2013)); *see also Acad. of Allergy & Asthma in Primary Care v. Amerigroup Tenn., Inc.*, No. 3:10-cv-00180, 2020 WL8254263, at *3 (E.D. Tenn. Aug. 12, 2020) (citing *Med.*

*Protective Co. v. Bolick*, No. 2:15-cv-322, 2016 WL 5172282, at *3 (E.D. Tenn. Sept. 19, 2016)).  The Court declines to apply the waiver rule, particularly given that it "is not required to blindly accept the [S]tate's application of [a] procedural rule." *Reeves v. Salisbury*, No. 11-cv-11830, 2012 WL 3206399, at *5 (E.D. Mich. Jan. 30, 2012), *R&R adopted in part, rejected on other grounds*, 2012 WL 3151594 (E.D. Mich. Aug. 2, 2012).

Parr-Mirza also argues that there is no evidence in the record establishing that Plaintiff timely submitted the Step II appeal in MRF-2071.  However, the form reflects that Plaintiff completed it on January 12, 2024, and it is not clear from the record why it was received by the Grievance Coordinator only on January 29.  Plaintiff provided a possible explanation for the delay in his Step II appeal—that is, his transfers between two prisons during the administrative review process and the grievance form needing to "follow (catch up)"—a contention not addressed or countered when the Step II decision was upheld.[5]  And MDOC PD 03.02.130

---

[5] Parr-Mirza contends that Plaintiff's statement in his Step III appeal is hearsay, which may not be considered on summary judgment.  (ECF No. 34 at PageID.223.)  However, Federal Rule of Civil Procedure 56 requires "evidence to be admissible only as to its contents and not as to its form, as long as the [party] can proffer that it will be produced in an admissible form." *Wyatt v. Nissan N.A., Inc.*, 999 F.3d 400, 423 (6th Cir. 2021) (citing *Bailey v. Floyd Cnty., B. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997)).  Certainly Plaintiff can provide the same explanation by testifying at trial.  *See id.* (explaining that "the advisory committee's commentary for Rule 56 as well as Supreme Court and Sixth Circuit precedent support [the] conclusion that courts, in determining whether to consider hearsay evidence, may inquire as to whether the party opposing summary judgment is capable of

¶ P(5) instructs that a "grievance *shall* not be rejected if there is a valid reason for the delay; e.g., *transfer*." (*See* ECF No. 15-2 at PageID.70 (emphasis added).)

For these reasons, the Court rejects Parr-Mirza's objections to Magistrate Judge Patti's finding of a genuine issue of material fact as to whether Plaintiff's Step II appeal for MRF-2071 was properly rejected as untimely.

## Conclusion

The Court has made a *de novo* determination of those portions of the R&R to which Parr-Mirza objects and reaches the same conclusions as Magistrate Judge Patti. The Court therefore adopts Magistrate Judge Patti's recommendations.

Accordingly,

**IT IS ORDERED** that Parr-Mirza's motion for summary judgment on exhaustion grounds (ECF No. 15) is **DENIED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: July 24, 2025

---

producing an otherwise inadmissible hearsay statement in a form that will be admissible at trial, i.e., via substituted oral testimony by the third-party declarant."). Thus, the Court finds Plaintiff's statement in his Step-II appeal to be evidence that can be properly considered in deciding Parr-Mirza's motion.

13

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 24, 2025, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan
                                                  Case Manager

13