UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEENAN BAILEY WILHITE,

               Plaintiff,               Case No. 2:24-cv-11815

v.                                District Judge Linda V. Parker
                                Magistrate Judge Anthony P. Patti

ERIN PARR-MIRZA,
JULIANA MARTINO,
ANGELA JOSEPH,
WELLPATH SERVICES, and
KIM FARRIS,

               Defendants.

_____/

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO
PROCEED WITH LAWSUIT (ECF No. 32), LIFT THE STAY AS TO
INDIVIDUAL WELLPATH DEFENDANTS MARTINO, JOSEPH, AND
FARRIS (*see* ECF No. 31), and GRANT DEFENDANT WELLPATH,
L.L.C.'S MOTION TO DISMISS BASED ON BANKRUPTCY DISCHARGE
AND CONFIRMATION ORDER (ECF No. 39)</u>**

**I.    RECOMMENDATION**:  The Court should **GRANT IN PART** and **DENY
IN PART** Plaintiff's motion to proceed with lawsuit (ECF No. 32), lift the stay as
to individual Wellpath Defendants Martino, Joseph, and Farris (*see* ECF No. 31),
and **GRANT** Defendant Wellpath L.L.C.'s motion to dismiss based on bankruptcy
discharge and confirmation order (ECF No. 39).

## II.    REPORT

### A.    Background

Keenan Bailey Wilhite (#779594) is currently incarcerated in the Michigan Department of Corrections (MDOC) Carson City Correctional Facility (DRF). (ECF No. 45.)  In July 2024, while located at Ionia Correctional Facility (ICF), Wilhite filed this prisoner civil rights lawsuit in the Western District of Michigan *in pro per* against five Defendants, each associated with the MDOC's Macomb Correctional Facility (MRF).  (ECF No. 1; *see also* ECF No. 11.)  *See* Case No. 1:24-cv-00680 (W.D. Mich.)  Plaintiff's case was transferred to this Court on July 15, 2024.  (ECF Nos. 3, 4.)

The appearances of counsel signal that Defendant Parr-Mirza is an MDOC employee, and Defendant Wellpath employs (or employed) Defendants Martino, Joseph, and Farris.  (ECF Nos. 13, 23, 46.)[1]

### B.    *In re Wellpath Holdings, Inc., et al.*, Case No. 4:24-bk-90533 (ARP) (Bankr. S.D. Tex.)

On January 30, 2025 – more than six months after Plaintiff initiated this case

---

[1] On July 24, 2025, Judge Parker entered an opinion and order (ECF No. 41) adopting my report and recommendation (ECF No. 33) and denying MDOC Defendant Parr-Mirza's exhaustion-based motion for summary judgment (ECF No. 15).  Accordingly, if the Court accepts the recommendations contained within this report, the case will proceed as to MDOC Defendant Parr-Mirza and Wellpath Defendants Martino, Joseph, and Farris.

– Defendant Wellpath filed a suggestion of bankruptcy and notice of stay (ECF No. 24), and, on the same day, Defendants Martino, Joseph, and Farris filed an emergency motion to extend the stay to non-debtor individuals (ECF No. 25).  On April 24, 2025, this Court issued a stay as to Defendant Wellpath and temporarily extended the bankruptcy stay as to the individual Wellpath Defendants.  (*See* ECF No. 31.)

Since then, there have been at least two significant developments in the bankruptcy case.  First, on May 1, 2025, U.S. Bankruptcy Judge Alfredo R. Pérez entered his findings of fact, conclusions of law, and an order:  (1) confirming the first amended joint Chapter 11 plan of reorganization of Wellpath Holdings, Inc. and certain of its debtor affiliates; and, (2) approving the disclosure statement on a final basis.  (ECF No. 36-1; ECF No. 39-1.)  As to confirmation, Judge Pérez determined:

> All requirements for the Confirmation of the Plan have been satisfied. Accordingly, the Plan, in its entirety, is CONFIRMED pursuant to section 1129 of the Bankruptcy Code.  Each of the terms and conditions of the Plan (including the Plan Supplement) and the applicable Definitive Documents (and any amendments, modifications, and supplements thereto), are integral parts of the Plan. . . .

(*Id.*, ¶ 2.)  As to compromise of controversies, Judge Pérez determined:

> Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, in consideration for the Plan Distributions and other benefits provided under the Plan, and as a mechanism to effect a fair distribution of value to the Debtors' constituencies, the provisions of

3

the Plan shall also constitute a good faith compromise and settlement
of those Claims, Causes of Action, and controversies incorporated in
the Plan and are hereby approved. . . .

(*Id.*, ¶ 6.)  Second, on June 4, 2025, Judge Pérez entered a general form of order

regarding lift stay motions.  (ECF No. 36-2.)

> **C.**      **The Court should grant Plaintiff's May 8, 2025 motion to proceed**
> **with lawsuit (ECF No. 32), but only as to the individual Wellpath**
> **Defendants.**

This case has been referred to me for pretrial matters.  Currently before the

Court is Plaintiff's May 8, 2025 motion to proceed with lawsuit (ECF No. 32),

which is based on the April 30, 2025 conclusion of the bankruptcy matter.

On June 23, 2025, the Court entered a text-only order, which reminded the

Wellpath Defendants of their obligation to "file a memorandum by June 15, 2025

updating the Court as to the status of the bankruptcy proceedings and whether any

part of the current case has been resolved by settlement[,]" (ECF No. 31,

PageID.187), and required them to "SHOW CAUSE why the stay issued herein

should not be fully or partially lifted, or the Court will take action sua sponte."

On June 24, 2025, the Wellpath Defendants responded to the Court's June

23, 2025 text-only show cause order.  (ECF No. 36.)  In addition to attaching

copies of the above-mentioned bankruptcy court orders (*see* ECF Nos. 36-1, 36-2),

they assert that:  (1) "as to non-debtor Defendants Angela Joseph, M.D., Kim

Farris, P.A., and Juliana Martino, N.P., the bankruptcy stay has been lifted, and

these proceedings may move forward as to them[;]" and, (2) "[a]s to Defendant

Wellpath, LLC, . . . consistent with the Wellpath Bankruptcy Plan and the

discharge of claims contained therein, Wellpath LLC intends to file a motion to

dismiss itself from this matter."  (ECF No. 36, PageID.247, 250.)

There being no dispute that the case should continue as to the individual

Wellpath Defendants, the Court should **GRANT** Plaintiff's motion to the extent it

seeks to proceed with the lawsuit against Martino, Joseph, and Farris, and,

accordingly, lift the stay as to these Defendants (*see* ECF No. 31).  However, the

Court should **DENY** Plaintiff's motion to the extent it seeks to proceed with the

lawsuit against corporate Defendant Wellpath, L.L.C., for the reasons stated below.

> **D.    The Court should grant Defendant Wellpath's July 16, 2025 motion to dismiss (ECF No. 39).**

Also before the Court is Defendant Wellpath's July 16, 2025 motion to

dismiss based on bankruptcy discharge and confirmation order.  (ECF No. 39.)  In

sum, the corporate Defendant argues that "Plaintiff's claims, as pled in this lawsuit,

are based on alleged conduct that arose prior to the bankruptcy plan's effective

date and are thus barred by operation of 11 U.S.C. §§ 1141 and 524 and the terms

of the Plan and Confirmation Order."  (*Id*., PageID.318, ¶ 3.)  Put another way,

Defendant Wellpath contends that "Plaintiff's claims arise from conduct that

occurred prior to May 1, 2025," *i.e.*, the date of the bankruptcy court order, and,

thus, are "within the scope of claims discharged and enjoined under the Plan and

Confirmation Order."  (ECF No. 39, PageID.326.)

### 1. Did the alleged conduct occur prior to the bankruptcy plan's effective date?

Certainly, the allegations underlying his complaint pre-date the bankruptcy court's May 1, 2025 order.  As set forth in my prior report and recommendation, Plaintiff's factual allegations span the period from an April 17, 2023 injury to perhaps August 2023.  (*See* ECF No. 33, PageID.195-196.)  Moreover, Plaintiff initiated this lawsuit in July 2024.  (ECF Nos. 1, 3, 4.)

### 2. Are Plaintiff's claims within the scope of claims discharged and enjoined?

As for whether Plaintiff's claims against Wellpath are "within the scope" of claims "discharged and enjoined . . . [,]" the Court notes:

> . . . the confirmation of a plan--**(A)** discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not--**(i)** a proof of the claim based on such debt is filed or deemed filed under section 501 of this title; **(ii)** such claim is allowed under section 502 of this title; or **(iii)** the holder of such claim has accepted the plan[.]

11 U.S.C. § 1141(d)(1)(A).  "[A] bankruptcy court's order confirming a plan 'discharges the debtor from any debt that arose before the date of such confirmation,' except as provided in the plan, the confirmation order, or the code." *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 214 (2024) (citing 11 U.S.C. § 1141(d)(1)(A)).  *See also Justen v. Wellpath LLC*, No. 24-CV-50310, 2025 WL

2763490, at *1 (N.D. Ill. Sept. 26, 2025) (citing 11 U.S.C. § 1141) ("A discharge under § 1141 of the Bankruptcy Code discharges all debts that arose before bankruptcy not covered by an exception.").

Preliminarily, this report assumes that Plaintiff's claims against Defendant Wellpath meet 11 U.S.C. § 101's definitions of claim and debt.  11 U.S.C. § 101(5),(12).  As for whether these claims (or debts) are covered by an exception, Judge Pérez's confirmation order set forth several "findings of fact" (*see* ECF No. 36-1, PageID.258-268; ECF No. 39-1, PageID.336-346), including the following one related to "injunction, exculpation, release, indemnification, discharge, settlement, and compromise[:]"

> The Third-Party Release is supported by good and valuable consideration, consensual as to all relevant parties, including all Releasing Parties, and such parties (i) were provided notice of the Chapter 11 Cases, the Plan, the deadline to object to Confirmation of the Plan, and the scheduled Confirmation Hearing, (ii) received the Confirmation Hearing Notice, a Ballot, and/or the Non-Voting Status Notice, and (iii) were properly informed that any Holder of a Claim against or Interest in the Debtors that did not check the "Opt Out" box on the applicable Ballot or Opt Out Form or otherwise objected to the Third-Party Release, returned in advance of the Voting Deadline (or within 60 days after the Confirmation Date for incarcerated individuals), would be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the release and discharge of all Claims and Causes of Action against the Debtors and the Released Parties. Additionally, the release provisions of the Plan were conspicuous, emphasized with boldface type in the Plan, the Disclosure Statement, the Ballots, the Non-Voting Status Notice, the Confirmation Hearing Notice, and the Opt Out Form.

(ECF No. 36-1, PageID.266-267 ¶ V(4)(b); ECF No. 39-1, PageID.344-345 ¶

V(4)(b) (emphasis added).)  Within his 53-paragraph order, Judge Pérez included a

provision regarding "opt out" by incarcerated individuals who have personal injury

or wrongful death claims.  (ECF No. 36-1, PageID.304 ¶ 43; ECF No. 39-1,

PageID.382 ¶ 43.)  He also noted it was "a final order and the period in which an

appeal must be filed shall commence upon the entry hereof."  (*Id*., PageID.306 ¶

47; *id*., PageID.384 ¶ 47.)

Defendant Wellpath suggests that Plaintiff failed to timely object or opt out .

. . ."  (ECF No. 39, PageID.327.)  The Court directed Plaintiff to file a response on

or before August 18, 2025.  (ECF No. 40.)  In a timely fashion, Plaintiff mailed

two very brief filings.  The first, dated July 21, 2025, states, in total:

> Keenan Wilhite come[s] to the Court asking the Court to dismiss
> Defendant Wellpath's motion to get dismissed from this civil suit.
> Based on the facts the Defendant shouldn't be able to be dismissed.  I
> ask the Court to rule in my favor and keep Defendant Wellpath in this
> litigation matter[.]  I would greatly appreciate it[.]

(ECF No. 43.)  The second, dated August 14, 2025, states, in total:

> Keenan Bailey Wilhite come[s] to the honorable courts of the Eastern
> District of Michigan . . . to ask the Court to deny the defendant's
> motion to dismiss [ECF No. 39] in this litigation matter that presides
> in this Court.  You will see [ECF No. 39] is helpful in this matter for
> the Court to come to a[n] honest and fair resolution.  So with that
> being said I hope and ask the courts to deny the motion for dismissal
> of [ECF No. 39], and rule in my favor[.]  Thank you.  I would also
> state the Defendant shouldn't be dismissed because they still fail[ed]
> to [do] what was right[.]

(ECF No. 44.)  Neither of these responses aids Plaintiff's cause, because these

8

filings do nothing to address – in a substantive manner – Defendant Wellpath's argument that "[t]he confirmation order bars Plaintiff's claims." (ECF No. 39, PageID.327-328.) Importantly, Plaintiff's responses do not assert that he submitted an "Opt Out Form" as mentioned in the confirmation order; nor do Plaintiff's filings contend that his claims (or debts) against Wellpath are covered by an exception.

Defendant Wellpath having put forth a reasonable argument that it is entitled to dismissal of Plaintiff's claims against it based on the bankruptcy discharge and confirmation order, and Plaintiff having failed to respond substantively to this challenge, the Court should grant Defendant Wellpath's motion to dismiss (ECF No. 39).

### E.     Conclusion

For the reasons discussed above, the Court should **GRANT IN PART** and **DENY IN PART** Plaintiff's motion to proceed with lawsuit (ECF No. 32), lift the stay as to individual Wellpath Defendants Martino, Joseph, and Farris (*see* ECF No. 31), and **GRANT** Wellpath L.L.C.'s motion to dismiss based on bankruptcy discharge and confirmation order (ECF No. 39), without prejudice to his seeking any appropriate relief in the U.S. Bankruptcy Court for the S.D. Tex. or in the Court of Appeals for the Fifth Circuit. If and when the Court accepts and adopts this recommendation, the Undersigned will issue an appropriate scheduling order

as to the remaining Defendants.

## III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

10

Objection No. 2," *etc*.  If the Court determines that any objections are without

merit, it may rule without awaiting the response.


Dated:  October 23, 2025          _____
                                   Anthony P. Patti
                                   United States Magistrate Judge

11